**Opinion filed July 28, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00158-CR

_____

## THE STATE OF TEXAS, Appellant

## V.

## ADRIAN BARA, Appellee

**On Appeal from the 106th District Court**

**Dawson County, Texas**

**Trial Court Cause No. 15-7508**

## M E M O R A N D U M   O P I N I O N

Adrian Bara moved to quash the indictment against him in Cause No. 15-7508, in which Bara was indicted for the state jail felony offense of driving while intoxicated with a child passenger.[1]  Bara argued that the double jeopardy clauses of the United States Constitution and the Texas Constitution precluded his prosecution

---

[1]TEX. PENAL CODE ANN. § 49.045 (West 2011).

in Cause No. 15-7508 because he had already been convicted for the same offense in Cause No. 15-7507. The trial court granted Bara's motion to quash the indictment. The State appeals. We affirm.

## I. *Background*

The grand jury indicted Bara for two offenses of DWI with a child passenger: one in Cause No. 15-7507 and the second in Cause No. 15-7508. Both indictments arose out of the same incident of driving, but each indictment identified a different child passenger under the age of fifteen. The State does not dispute that there was only one incident of driving. Bara pleaded guilty to DWI with a child passenger in Cause No. 15-7507. Subsequently, Bara filed a motion to quash the indictment in Cause No. 15-7508. Bara argued in his motion that double jeopardy barred prosecution of the allegation in Cause No. 15-7508 because he had already been found guilty of DWI with a child passenger and sentenced for the same incident in Cause No. 15-7507. The trial court granted Bara's motion to quash.

## II. *Analysis*

In one issue, the State argues that "multiple charges are appropriate and not barred by double jeopardy when a person drives while intoxicated with more than one child passenger under the age of fifteen." Bara asserts that he cannot be tried twice for the same offense. As we explain below, we agree with Bara's argument that the trial court did not err when it granted the motion to quash on double jeopardy grounds.

### A. *Double Jeopardy*

Both the United States Constitution and the Texas Constitution protect individuals from multiple punishments for the same offense. *See Phillips v. State*, 787 S.W.2d 391, 393 (Tex. Crim. App. 1990). The double jeopardy clause prevents (1) a second prosecution for the "same offense" after acquittal, (2) a second

prosecution for the "same offense" after conviction, and (3) multiple punishments for the "same offense." *Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008); *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006) (citing *Cervantes v. State*, 815 S.W.2d 569, 572 (Tex. Crim. App. 1991)). Bara asserts that the second and third categories for double jeopardy—multiple prosecutions and punishments for the same offense—are implicated in this case.

### B. Unit of Prosecution

The State charged Bara with two violations of the same statute. If each alleged violation of the statute was a separate "allowable unit of prosecution," there is no double jeopardy clause violation.[2] *See Ex parte Hawkins*, 6 S.W.3d at 556–57; *Ex parte Rathmell*, 717 S.W.2d 33, 35 (Tex. Crim. App. 1986). Whether an offense is a separate "allowable unit of prosecution" depends on legislative intent:

> The legislature defines whether offenses are the same. It does so by prescribing the "allowable unit of prosecution," which is "a distinguishable discrete act that is a separate violation of the statute." And the discovery of the allowable unit of prosecution is a task of statutory construction.

*Ex parte Hawkins*, 6 S.W.3d at 556–57 (quoting *Sanabria v. United States*, 437 U.S. 54, 69–70 & n.24 (1978)). Therefore, we examine legislative intent to determine the double jeopardy issue. *Id.*; *see also Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011).

---

[2]In cases involving multiple alleged violations of the same statute, the rule of statutory construction established by the Supreme Court in *Blockburger v. United States* does not apply. 284 U.S. 299, 304 (1932); *see Ex parte Hawkins*, 6 S.W.3d 554, 555–56 (Tex. Crim. App. 1999). *Blockburger* established the "same elements" test for the purposes of double jeopardy analysis. *Ex parte Benson*, 459 S.W.3d 67, 72 (Tex. Crim. App. 2015). The *Blockburger* test applies in cases involving alleged violations of two distinct statutory provisions. *Ex parte Hawkins*, 6 S.W.3d at 555, n.4; *see also Ex parte Benson*, 459 S.W.3d at 71 (felony DWI and intoxication assault are two different offenses, under the *Blockburger* test, for double jeopardy purposes).

### 1. Legislative Intent

To determine legislative intent, we should first consult the plain and literal language of the statute in question. *Harris*, 359 S.W.3d at 629. Absent an explicit statement from the legislature to indicate the allowable unit of prosecution, "the best indicator of legislative intent regarding the unit of prosecution is the gravamen or focus of the offense." *Id.* at 630 (citing *Jones v. State*, 323 S.W.3d 885, 889 (Tex. Crim. App. 2010); *Huffman v. State*, 267 S.W.3d 902, 907 (Tex. Crim. App. 2008)). The relevant statute provides that a person is guilty of the offense of DWI with a child passenger if "(1) the person is intoxicated while operating a motor vehicle in a public place; and (2) the vehicle being operated by the person is occupied by a passenger who is younger than 15 years of age." PENAL § 49.045(a). We note that there is no explicit statement from the legislature to set out the allowable unit of prosecution. Therefore, we will look to the gravamen or focus of the offense to identify the allowable unit of prosecution. *See Harris*, 359 S.W.3d at 629–30.

### 2. Gravamen or Focus of Offense

The Court of Criminal Appeals has "recognized that the gravamen of an offense can be (1) the result of the conduct, (2) the nature of the conduct, or (3) the circumstances surrounding the conduct." *Loving v. State*, 401 S.W.3d 642, 647 (Tex. Crim. App. 2013) (citing PENAL § 6.03). Several tools can be utilized to determine the gravamen of a statutory provision: one method utilizes a grammar and syntax analysis, while a second method looks at when the offense is a completed act. *Id.* (citing *Jones*, 323 S.W.3d at 888); *Huffman*, 267 S.W.3d at 906). We also consider whether the statute protects a victim from a different type of harm and whether the legislature intended for each commission of a prohibited act to be punished separately. *Id.*; *Haight v. State*, 137 S.W.3d 48, 50–51 (Tex. Crim. App. 2004).

A grammatical or syntactical analysis can be an aid in statutory construction. *Loving*, 401 S.W.3d at 647; *Jones*, 323 S.W.3d at 888; *Huffman*, 267 S.W.3d at 906. Section 49.045 provides, "A person commits an offense if: (1) the person is intoxicated while operating a motor vehicle in a public place; and (2) the vehicle being operated by the person is occupied by a passenger who is younger than 15 years of age." PENAL § 49.045(a). The statute is not as clear as it could be because of the use of the passive voice; nevertheless, the phrase "by a passenger who is younger than 15 years of age" is a descriptive adverbial phrase. The operation of a motor vehicle by an intoxicated person is the completed act, and "the offense element that requires a completed act" often identifies the gravamen or focus of the offense. *Harris*, 359 S.W.3d at 630 (quoting *Jones*, 323 S.W.3d at 890).

In *Harris*, the Court of Criminal Appeals held that multiple convictions of indecent exposure, when there was only one act of exposure but three children present, violated double jeopardy. *Id.* at 632. The defendant in *Harris* was convicted of three counts of indecency with a child by exposure. *Id.* at 627. Each conviction stemmed from the same incident of indecent exposure, but each related to one of three different children subjected to the indecent exposure. *Id.* The court noted that "the offense of indecency with a child by exposure is complete once the defendant unlawfully exposes himself in the required circumstances." *Id.* at 631. Furthermore, the "child need only be 'present' for the offense to be effectuated; the child does not even have to be aware of the exposure." *Id.*

In Bara's case, he was twice charged with DWI with a child passenger—each charge pertained to a different child passenger under the age of fifteen that was in the vehicle during a single incident of driving. Driving or operating the vehicle is the offense element that requires a completed act for the offense of DWI with a child passenger. Once the act of driving is completed, as indicated above, the offense is

complete so long as the State proves the existence of another circumstance: the presence of a child. *See* PENAL § 49.045. Like *Harris*, the presence of a child in the vehicle does not constitute an "act"; rather, the presence of a child in the vehicle is a circumstance that accompanies the "act" of driving or operating. The child need only be present in the car for the offense to be effectuated; the child does not have to be aware that the driver is intoxicated, and there need not be any actual injury to the child. *Cf. Harris*, 359 S.W.3d at 631 (applying such factors to offense of indecency with a child by exposure). Therefore, the allowable unit of prosecution is each incident of driving, not each child present in the vehicle.

### 3. Conduct-Oriented Offense v. Result-Oriented Offense

The State argues that, when the legislature enacted the DWI child-passenger statute, it formed an offense out of two offenses and that the resulting offense is both a conduct-oriented and result-oriented offense. The State asserts that the legislature intended to combine the offense of DWI, under Section 49.04 of the Texas Penal Code, and the offense of endangering a child, under Section 22.041, as a new offense to avoid the problem of a prosecutor that would charge the latter, a state jail felony, and drop the DWI charge, a misdemeanor. The State points out that DWI is a conduct-oriented offense and that endangering a child is a result-oriented offense. *See Ex parte Benson*, 459 S.W.3d at 81 (DWI); *Millslagle v. State*, 81 S.W.3d 895, 897 (Tex. App.—Austin 2002, pet. ref'd) (endangering a child). The State asserts that, because multiple children were placed in danger, multiple prosecutions and convictions may result. *See, e.g.*, *Mayberry v. State*, 351 S.W.3d 507, 510–11 (Tex. App.—San Antonio 2011, pet. ref'd).

We decline to adopt the State's reasoning. In Texas, the allowable unit of prosecution for an assaultive offense is one unit per victim. *Bigon*, 252 S.W.3d at 372. Under Section 22.041, a person commits an offense if he intentionally,

6

knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that places a child younger than fifteen years old in imminent danger of death, bodily injury, or physical or mental impairment. PENAL § 22.041. This section is in Chapter 22, "Assaultive Offenses," which allows for multiple prosecutions of conduct that endangers or injures multiple victims.[3] *Id.*; *Bigon*, 252 S.W.3d at 372; *see also Shelby v. State*, 448 S.W.3d 431, 439 (Tex. Crim. App. 2014).

In contrast, Section 49.045 is part of the chapter titled, "Intoxication and Alcoholic Beverage Offenses." PENAL § 49.045. The offense of driving while intoxicated is a strict liability crime, meaning that it does not require a specific mental state (e.g., intentionally, knowingly, or recklessly intending to operate a motor vehicle while intoxicated); it requires only a person on a public roadway voluntarily operating a motor vehicle while intoxicated. *Farmer v. State*, 411 S.W.3d 901, 905 (Tex. Crim. App. 2013). The elements necessary to prove that a person committed the offense of driving while intoxicated are the following: (1) a person; (2) is intoxicated; (3) at the time of; (4) operating; (5) a motor vehicle; (6) in a public place. *White v. State*, 412 S.W.3d 125, 128 (Tex. App.—Eastland 2013, no pet.); *Hernandez v. State*, No. 11-02-00292-CR, 2004 WL 67634, at *1 (Tex. App.—Eastland Jan. 15, 2004, no pet.) (not designated for publication). The offense of driving while intoxicated with a child passenger, unlike the offense of endangering a child, does not require proof that the defendant placed a child "in

---

[3]We note that the Court of Criminal Appeals has recently held that intoxication assault and felony DWI are separate offenses that allow for multiple prosecutions. *See Ex parte Benson*, 459 S.W.3d at 71. The court reasoned, under the *Blockburger* analysis, that the injury to the victim and the operation of the vehicle were two separate acts that could be prosecuted under separate statutes. *Id.* at 78–80. But we do not have two separate statutes in this case, only one statute with one act but two alleged offenses.

imminent danger of death, bodily injury, or physical or mental impairment." *Compare* PENAL § 22.041(c), *with* PENAL § 49.045.

We conclude in this case that Section 49.045 has, as the allowable unit of prosecution, one offense for each incident of driving or operating a vehicle. *See Harris*, 359 S.W.3d at 632 (holding that the gravamen of, and the allowable unit of prosecution for, the offense of indecency with a child by exposure is the act of exposure and, therefore, that the defendant committed only one offense when he exposed himself to three children at the same time). We overrule the State's sole issue.

III. *This Court's Ruling*

We affirm the order of the trial court.


MIKE WILLSON

JUSTICE


July 28, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.