PD-1455-16

PD-1455-16
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/22/2016 8:48:50 AM
Accepted 12/22/2016 2:44:22 PM
ABEL ACOSTA
CLERK

No. _____

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

December 22, 2016

ABEL ACOSTA, CLERK

**THE STATE OF TEXAS,**
PETITIONER,

V.

**KIMBERLY GONZALEZ,**
RESPONDENT.

PETITION IN CAUSE NO. 14-CR-2376-B, FROM THE 117TH DISTRICT COURT OF NUECES COUNTY, TEXAS, AND CAUSE NO. 13-16-134-CR, IN THE COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS.

# PETITION FOR DISCRETIONARY REVIEW

Douglas K. Norman
State Bar No. 15078900
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(361) 888-0399 (fax)
douglas.norman@nuecesco.com

Attorney for Petitioner

## IDENTITY OF JUDGE, PARTIES AND COUNSEL

Trial Judge:
   Hon. Sandra Watts
   Judge,117[th] District Court
   901 Leopard St.
   Corpus Christi, Texas 78401

State's Trial Attorney:
   Rebecca Lake
   State Bar No. 24090222
   Assistant District Attorney
   901 Leopard, Room 206
   Corpus Christi, Texas 78401
   (361) 888-0410

State's Appellate Attorney:
   Douglas K. Norman
   State Bar No. 15078900
   Assistant District Attorney
   901 Leopard, Room 206
   Corpus Christi, Texas 78401
   (361) 888-0410

Respondent:
   Kimberly Gonzalez

Respondent's Trial and Appellate Attorney:
   Christopher J. Gale
   State Bar No. 00793766
   P.O. Box 2591
   Corpus Christi, Texas 78403
   (361) 808-4444
   Chris@GaleLawGroup.com

# TABLE OF CONTENTS

IDENTITY OF JUDGE, PARTIES AND COUNSEL .............................. i

INDEX OF AUTHORITIES.................................................................iii

STATEMENT REGARDING ORAL ARGUMENT ............................... 1

STATEMENT OF THE CASE................................................................ 1

STATEMENT OF PROCEDURAL HISTORY ...................................... 2

GROUNDS PRESENTED FOR REVIEW ............................................. 2

ARGUMENT......................................................................................... 3

I. The Thirteenth Court of Appeals erred in holding that the allowable unit of prosecution for DWI With a Child Passenger is one offense for each incident of driving, rather than one offense for each child passenger............................................................................................... 3
    *A. Multiple Punishments Analysis.* ......................................................... 3
    *B. Grammar and Syntax.* ........................................................................ 4
    *C. Legislative History and Child Endangerment.* ................................. 5
    *D. Other DWI and Intoxication Offenses.* ............................................ 7

II. The Thirteenth Court of Appeals erred in addressing a multiple-punishments Double Jeopardy challenge which the plea-bargaining defendant did not have authority to raise on appeal under Tex. R. App. P. 25.2 (a)(2), because it could not properly have been the subject of a pre-trial motion, nor did she receive the trial court's permission to appeal. ............................................................................................... 8

III. The Thirteenth Court of Appeals erred in concluding that the defendant may not explicitly waive a Double Jeopardy challenge as a part of her plea bargain................................................................................. 9

PRAYER FOR RELIEF....................................................................... 11

RULE 9.4 (i) CERTIFICATION .......................................................... 12

CERTIFICATE OF SERVICE ............................................................. 12

APPENDIX 1. Thirteenth Court of Appeals Opinion.

# INDEX OF AUTHORITIES

## CASE LAW

*Aldrich v. State*, 104 S.W.3d 890 (Tex. Crim. App. 2003)........................... 10

*State v. Bara,* ---S.W.3d---, 2016 WL 4118659 (Tex. App.—Eastland 2016, no pet.)........................................................................................................ 3

*Ex parte Birdwell*, 7 S.W.3d 160 (Tex. Crim. App. 1999)........................... 10

*Crocker v. State*, 573 S.W.2d 190 (Tex. Crim. App. [Panel Op.] 1978)........ 8

*Ex parte Denton,* 399 S.W.3d 540 (Tex. Crim. App. 2013)......................... 10

*Ex parte Estrada*, 487 S.W.3d 210 (Tex. Crim. App. 2016)........................ 11

*Gonzalez v. State,* 8 S.W.3d 640 (Tex. Crim. App. 2000).............................. 9

*Harris v. State*, 359 S.W.3d 625 (Tex. Crim. App. 2011). ............................ 4

*Jones v. State*, 396 S.W.3d 558 (Tex. Crim. App. 2013). ............................. 6

*Loving v. State*, 401 S.W.3d 642 (Tex. Crim. App. 2013). ........................ 3, 4

*Ex parte Marascio*, 471 S.W.3d 832 (Tex. Crim. App. 2015). .................... 11

*Saldano v. State,* 70 S.W.3d 873 (Tex. Crim. App. 2002). .......................... 10

## STATUTES, RULES AND OTHER AUTHORITIES

Tex. Gov't Code § 311.023. ........................................................................... 4

Tex. Penal Code § 21.11. ............................................................................... 4

Tex. Penal Code § 22.041. ............................................................................. 6

Tex. Penal Code § 49.031. ............................................................................. 5

Tex. Penal Code § 49.045. ............................................................. 3

Tex. Penal Code § 49.09. ............................................................. 7

Tex. R. App. P. 25.2 .................................................................... 8, 9

Acts 2003, 78th Leg., SB 45, Bill Analysis, Senate Research Center Report, SB 45 78(R), 4/16/2003. ............................................................ 5

No. _____

| | |
|---|---|
| **THE STATE OF TEXAS,** | IN THE |
| **Petitioner,** | |
| | |
| **v.** | **COURT OF CRIMINAL APPEALS** |
| | |
| **KIMBERY GONZALEZ,** | |
| **Respondent.** | **OF TEXAS** |

## STATE'S PETITION FOR DISCRETIONARY REVIEW

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

Comes now the State of Texas, by and through the District Attorney for the 105th Judicial District of Texas, and respectfully urges this Court to grant discretionary review of the above named cause for the reasons that follow:

## STATEMENT REGARDING ORAL ARGUMENT

The State believes that oral argument would be helpful to the determination of the present appeal in order to flesh out interesting questions as to the gravamen of DWI With a Child Passenger, whether a meritless pretrial motion may be used as a vehicle for evading the restrictions on a plea-bargaining defendant's appeal, and whether a multiple-punishments double jeopardy claim may be affirmatively waived.

## STATEMENT OF THE CASE

Kimberly Gonzalez was indicted, among other things, for three counts of Driving While Intoxicated with a Child Passenger, each count being for a separate child in the car (Counts 3, 4, and 5). Pursuant to a plea bargain, Gonzalez pled

1

guilty to all three counts and was sentenced to two years in State Jail for each count. Gonzalez timely appealed.

## STATEMENT OF PROCEDURAL HISTORY

A panel of the Thirteenth Court of Appeals found a Double Jeopardy violation and vacated Gonzalez's convictions on Counts 4 and 5, affirming her conviction on Count 3, in a published opinion on December 8, 2016. *See* Appendix. The State has not filed a motion for rehearing.

## GROUNDS PRESENTED FOR REVIEW

**I. The Thirteenth Court of Appeals erred in holding that the allowable unit of prosecution for DWI With a Child Passenger is one offense for each incident of driving, rather than one offense for each child passenger.**

**II. The Thirteenth Court of Appeals erred in addressing a multiple-punishments Double Jeopardy challenge which the plea-bargaining defendant did not have authority to raise on appeal under Tex. R. App. P. 25.2 (a)(2), because it could not properly have been the subject of a pre-trial motion, nor did she receive the trial court's permission to appeal.**

**III. The Thirteenth Court of Appeals erred in concluding that the defendant may not explicitly waive a Double Jeopardy challenge as a part of her plea bargain.**

## ARGUMENT

**I. The Thirteenth Court of Appeals erred in holding that the allowable unit of prosecution for DWI With a Child Passenger is one offense for each incident of driving, rather than one offense for each child passenger.**

A person commits the state jail felony offense of Driving While Intoxicated With a Child Passenger if:

(1) the person is intoxicated while operating a motor vehicle in a public place; and
(2) the vehicle being operated by the person is occupied by a passenger who is younger than 15 years of age.

Tex. Penal Code § 49.045 (a).

The Thirteenth Court of Appeals has now become the second intermediate court of appeals, behind Eastland in *State v. Bara,* ---S.W.3d---, 2016 WL 4118659 (Tex. App.—Eastland 2016, no pet.), to hold that the allowable unit of prosecution for DWI With a Child Passenger is one offense for each incident of driving.

### A. Multiple Punishments Analysis.

The relevant inquiry in a multiple-punishments double-jeopardy case is always whether the Legislature intended to permit multiple punishments. *Loving v. State*, 401 S.W.3d 642, 646 (Tex. Crim. App. 2013). Absent an express statement defining the allowable unit of prosecution, the gravamen of an offense best describes the allowable unit of prosecution. *Id.* Various tools may be used to determine the gravamen of a statutory provision, including a focus on grammar,

sentence syntax, and whether the statute refers to an item in the singular or plural. *Id.*; *see also Harris v. State*, 359 S.W.3d 625, 630 (Tex. Crim. App. 2011) (noting that a legislative reference to an item in the singular suggests that each instance of that item is a separate unit of prosecution).

In addition, in construing a statute courts may consider, among other things, the "object sought to be attained," "laws on the same or similar subjects," and the "consequences of a particular construction." Tex. Gov't Code § 311.023 (1), (4) & (5).

### B. Grammar and Syntax.

In *Harris v. State*, this Court construed the exposure provisions of Indecency with a Child as allowing one unit of prosecution for each exposure, regardless of the number of children present at that exposure, relying in large part on the grammar of the statute, which criminalized exposure of the anus or genitals in the main clause and added knowledge of a child's presence merely as "prepositional and adverbial phrases that define the circumstances in which the act of exposure amounts to an offense."[1] 359 S.W.3d 625, 630-31 (Tex. Crim. App. 2011).

Unlike the exposure statute in *Harris*, the child passenger provision here is

---

[1] A person commits this particular variety of indecency if "with a child younger than 17 years of age [and] with intent to arouse or gratify the sexual desire of any person [he] exposes [his] anus or any part of [his] genitals, knowing the child is present." Tex. Penal Code § 21.11 (a)(2)(A).

not merely a prepositional or adverbial phrase, but amounts to a separate, co-equal element of the offense. Moreover, that element specifies occupation by "*a passenger who is younger than 15 years of age,*" suggesting that each such passenger may constitute a separate unit of prosecution. The Legislature could have specified "one or more" child passengers, as it did with regard to open containers,[2] but instead it chose to make occupation by "a passenger" a co-equal element of the offense.

*C. Legislative History and Child Endangerment.*

The DWI with a Child Passenger Statute was enacted as Texas Penal Code § 49.045 in 2003, *see* Acts 2003, 78th Leg., SB 45. The bill analysis explained the purpose of the new section as follows:

> Under current Texas law, a person who is driving while intoxicated (DWI) and has a child in the motor vehicle can be charged with child endangerment. However the DWI, the lesser charge, will not be prosecuted, because child endangerment is a state felony. S.B. 45 creates a new offense, "DWI with a child," as a state jail felony.

Bill Analysis, Senate Research Center Report, SB 45 78(R), 4/16/2003. It is clear from its history that Section 49.045 is a hybrid of DWI and Child Endangerment,

---

2 Tex. Penal Code § 49.031(b) ("A person commits an offense if the person knowingly possesses an open container in a passenger area of a motor vehicle that is located on a public highway, regardless of whether the vehicle is being operated or is stopped or parked. Possession by a person of one or more open containers in a single criminal episode is a single offense.").

Texas Penal Code § 22.041,[3] intended to create an offense combining the more-severe penalty of Endangering a Child and a DWI conviction that could be used to enhance future DWI offenses.

DWI with a Child Passenger is a more specific application of Endangerment and should be read together with that statute *in pari materia*, as a more specific and "narrowly hewn" offense proscribing conduct that would otherwise be punishable as Child Endangerment. *See Jones v. State*, 396 S.W.3d 558, 561-62 (Tex. Crim. App. 2013). The doctrine of *in pari materia* requires that the two statutes be read together and harmonized such that "effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy." *Id.*

If read together, and if *in pari materia* would make DWI with a Child Passenger the proper statute as the more specific one when it is a DWI-related endangerment, then it would be inconsistent to thereby transform conduct which, under the broader statute, could have been prosecuted as a separate offense for each child, and reduce the number of offenses under the more specific offense to only one per DWI, no matter how many child victims are present in the car. Had the endangering conduct been anything other than DWI, the broader statute would

---

[3] A person commits the state jail felony offense of Endangering a Child if "he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that places a child younger than 15 years in imminent danger of death, bodily injury, or physical or mental impairment." Tex. Penal Code § 22.041 (c).

have allowed a separate offense for each child.  It would be absurd for the newly-enacted and more specific statute to thereby reduce the number of offenses for which the defendant could be punished.

The unstated premise of Section 49.045 is that DWI with a Child Passenger amounts to conduct that places the child in imminent danger.  What the Endangering statute spells out, Section 49.045 clearly implies.  The fact that the premise of the later statute is implied, rather than stated, should not shift the gravamen of the offense.  Both are geared toward protecting the particular child in question from danger.

*D. Other DWI and Intoxication Offenses.*

Finally, it is telling that the Legislature could easily have included the child passenger offense in Tex. Penal Code § 49.09 (Enhanced Offenses and Penalties) if it viewed this as merely an enhancement of DWI.  The fact that it instead gave DWI with a child passenger its own section in Chapter 49 suggests that the focus was on an entirely new offense and not merely the enhancement of an old one.  In turn, what logically makes it a new offense is a shift in focus from the generalized danger to the public caused by any DWI, to a particular danger directed at the child victim.

Unlike plain DWI which creates an undifferentiated public danger, DWI with Child Passenger places a particular child victim at risk.  Placing that particular

child at risk is the gravamen of the offense, and each particular child placed at risk is an allowable unit of prosecution.

Whether driving while intoxicated with multiple children in the car amounts to one offense, or multiple offenses, is an important question of State law that has not been, but should be, decided by this Court.

**II.     The Thirteenth Court of Appeals erred in addressing a multiple-punishments Double Jeopardy challenge which the plea-bargaining defendant did not have authority to raise on appeal under Tex. R. App. P. 25.2 (a)(2), because it could not properly have been the subject of a pre-trial motion, nor did she receive the trial court's permission to appeal.**

The Rules of Appellate Procedure generally limit a plea bargaining defendant to appealing only "(A) those matters that were raised by a written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." Tex. R. App. P. 25.2 (a)(2).

In its opinion, the Thirteenth Court of Appeals agreed that the present multiple-punishments double jeopardy challenge could not have been raised by a pretrial motion to quash the indictment. (Opinion p. 6 citing *Crocker v. State*, 573 S.W.2d 190, 197 (Tex. Crim. App. [Panel Op.] 1978)). Nor did the trial court grant permission to appeal.

Accordingly, the issue is not only, as the Thirteenth Court of Appeals seemed to conclude, whether an appellant may generally raise a double jeopardy challenge for the first time on appeal, but whether the appellate court has the

authority to address such a claim under Tex. R. App. P. 25.2 (a)(2) when it is raised by a plea-bargaining defendant.

Because the present Double Jeopardy complaint was prematurely raised and not properly a ground for quashing the indictment, the trial court properly denied that motion, and the appellate court lacked the authority to address the multiple-punishments double jeopardy challenge in any other posture than in the context of the premature pretrial motion.

Rule 25.2(a)(2) does not allow the appellate court to review a double jeopardy challenge that otherwise could not have been raised on appeal, merely because it was prematurely and improperly raised in a pre-trial motion. In other words, appellant should not be able to use a pretrial motion as a vehicle under Rule 25.2 for reaching claims that are not properly brought by pretrial motion in the first place.

This presents an important question of Texas law that has not been, but should be, decided by this Court.

**III. The Thirteenth Court of Appeals erred in concluding that the defendant may not explicitly waive a Double Jeopardy challenge as a part of her plea bargain.**

An appellant has the "burden to preserve, in some fashion, a double-jeopardy objection at or before the time the charge [is] submitted to the jury." *Gonzalez v. State,* 8 S.W.3d 640, 642 (Tex. Crim. App. 2000). He may only raise a

double-jeopardy violation for the first time on appeal if: 1) the undisputed facts show that the double-jeopardy violation is clearly apparent on the face of the record; and 2) enforcement of the usual rules of procedural default serves no legitimate state interest. *Ex parte Denton,* 399 S.W.3d 540, 544 (Tex. Crim. App. 2013).

However, otherwise allowing the claim to be raised for the first time on appeal is not inconsistent with allowing it to be affirmatively waived below. By implying that the defendant is not able to affirmatively waive a Double Jeopardy challenge,[4] the Thirteenth Court of Appeals' opinion is in conflict with this Court's decision in *Ex parte Birdwell*, 7 S.W.3d 160, 163–64 (Tex. Crim. App. 1999). *See also Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003); *Saldano v. State,* 70 S.W.3d 873, 888-89 (Tex. Crim. App. 2002). Because the record in this case was insufficient to rule out such an affirmative waiver, Gonzalez failed to conclusively prove her Double Jeopardy claim and was not entitled to vacate the convictions in question.

---

4 The opinion below conceded that:
> a record of the hearing might show "an explicit waiver of a double jeopardy challenge by Gonzalez in exchange for the plea agreement." Again, we disagree. Even if such an explicit waiver was made, the State does not cite authority, and we find none, establishing that there would be a "legitimate state interest" in maintaining the clearly erroneous convictions.

Opinion at p. 8.

Judging by recent concurring and dissenting opinions from this Court concerning the uncertainty as to the status of a Double Jeopardy claim under the *Marin* categories of fundamental, waiver-only, and forfeitable rights, the issue is a question of law that should be cleared up by this Court. *See Ex parte Estrada*, 487 S.W.3d 210, 213-15 (Tex. Crim. App. 2016) (Yeary, J., dissenting, joined by Keasler and Hervey) and (Alcala, J., concurring); *Ex parte Marascio*, 471 S.W.3d 832, 838–39 (Tex. Crim. App. 2015) (Keasler, J., concurring).

## PRAYER FOR RELIEF

For the foregoing reasons, the State requests that the Court: grant this petition for discretionary review; set this case for submission with oral argument; and, afte submission, reinstate the convictions on Counts 4 and 5.

Respectfully submitted,

/s/ *Douglas K. Norman*
_____
Douglas K. Norman
State Bar No. 15078900
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(361) 888-0399 (fax)
douglas.norman@nuecesco.com

## RULE 9.4 (i) CERTIFICATION

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this petition, excluding those matters listed in Rule 9.4(i)(1), is 1,868.

/s/ *Douglas K. Norman*
_____
Douglas K. Norman

## CERTIFICATE OF SERVICE

This is to certify that, pursuant to Tex. R. App. P. 6.3 (a), copies of this petition for discretionary review were e-served on December 22, 2016, on Respondent's attorney, Mr. Christopher J. Gale, at Chris@GaleLawGroup.com, and on the State Prosecuting Attorney, at Stacey.Soule@SPA.texas.gov.

/s/ *Douglas K. Norman*
_____
Douglas K. Norman

# APPENDIX I.
# Thirteenth Court of
# Appeals Opinion



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KIMBERLY GONZALEZ,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

**On appeal from the 117th District Court of
Nueces County, Texas.**

# O P I N I O N

**Before Chief Justice Valdez and Justices Garza and Longoria
Opinion by Justice Garza**

Appellant Kimberly Gonzalez pleaded guilty to and was convicted of three counts of driving while intoxicated ("DWI") with a child passenger, a state jail felony. *See* TEX. PENAL CODE ANN. § 49.045 (West, Westlaw through 2015 R.S.). Gonzalez argues on appeal that her convictions violated the Double Jeopardy Clause because they all arose from the same traffic accident. Because we agree, we vacate the judgment as to two of

the counts, and affirm the judgment as to the remaining count.

## I. BACKGROUND

Gonzalez was the driver of a vehicle involved in a traffic accident on July 5, 2014 on the Crosstown Expressway in Corpus Christi. According to police reports, the vehicle appeared to have been in a rollover accident. There was one adult passenger in the front of the vehicle, and Gonzalez's three children were passengers in the back seat. The children, aged six years, seven years, and ten months, were injured and bleeding, and were taken to the hospital. Hospital records indicate that the infant suffered a fractured femur; the six-year-old child suffered a fractured pelvis and lacerated liver and kidney; and the seven-year-old child suffered a skull fracture, requiring emergency surgery. Police reports indicate that none of the children were properly restrained at the time of the accident. The reports also indicate that Gonzalez had slurred speech and bloodshot eyes, and that she admitted to drinking several alcoholic beverages prior to the accident.

Gonzalez was indicted on three counts of intoxication assault, a third-degree felony, *see id.* § 49.07 (West, Westlaw through 2015 R.S.), and three counts of DWI with a child passenger. *See id.* § 49.045. For each offense, the indictment listed one count pertaining to each child present in the vehicle. The indictment was later amended to omit one of the intoxication assault counts.

Gonzalez filed a motion for writ of habeas corpus as well as a "Motion to Quash and Exception to Substance of Indictment," each arguing that "multiple prosecutions/convictions for the single act of [DWI] would offend the prohibition against double jeopardy" under the United States and Texas Constitutions. *See* U.S. CONST.

2

amends V, XIV; TEX. CONST. art. I, § 14.[1]

Subsequently, Gonzalez pleaded guilty to the three counts of DWI with a child passenger (Counts 3, 4, and 5), and the State dismissed the two intoxication assault counts (Counts 1 and 2). The trial court sentenced Gonzalez to two years' imprisonment, with the sentence suspended and community supervision imposed for five years, and it certified her right to appeal. *See* TEX. R. APP. P. 25.2(a)(2).

## II. DISCUSSION

Gonzalez argues by one issue that the Double Jeopardy Clause prevents her from being convicted for three counts of DWI with a child passenger—one for each child present in the vehicle—arising out of the same traffic accident.

The Double Jeopardy Clause protects against multiple punishments for the same offense. *See Ex parte Benson*, 459 S.W.3d 67, 71 (Tex. Crim. App. 2015); *Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008). When a defendant alleges that multiple punishments have been assessed for the same offense under a single statute, "we must determine the allowable unit of prosecution for the statute that proscribes the offense." *Jones v. State*, 323 S.W.3d 885, 888 (Tex. Crim. App. 2010). If each alleged violation of the statute was for a separate "allowable unit of prosecution," there is no double jeopardy violation. *See Ex parte Hawkins*, 6 S.W.3d 554, 556 (Tex. Crim. App. 1999).

Where a statute does not explicitly state the allowable unit of prosecution, as here, we must construe the statute to identify the focus or "gravamen" of the offense. *Jones*, 323 S.W.3d at 888. "The gravamen of an offense can be (1) the result of the conduct, (2) the nature of the conduct, or (3) the circumstances surrounding the conduct." *Loving v.*

---

[1] The record contains no written order on the motions, though it does contain a docket sheet with an entry indicating that the motion to quash was denied.

*State*, 401 S.W.3d 642, 647 (Tex. Crim. App. 2013). Several tools can be utilized to determine the gravamen of a statutory provision: one method seeks to analyze the grammar and syntax of the statute, while a second looks at when the offense is a completed act. *Id.* (citing *Jones*, 323 S.W.3d at 888). Further, if each statutory provision protects a victim from a different type of harm, that is evidence that the Legislature intended for each commission of a prohibited act to be punished separately. *Id.*

The statute at issue here, penal code section 49.045, was enacted in 2003 and provides that a person commits the state jail felony offense of DWI with a child passenger if: "(1) the person is intoxicated while operating a motor vehicle in a public place; and (2) the vehicle being operated by the person is occupied by a passenger who is younger than 15 years of age." TEX. PENAL CODE ANN. § 49.045(a). Gonzalez argues that the gravamen of the offense is "the act of driving under certain circumstances" and not the exposure of a particular child to danger. She contends that the case is analogous to *Harris v. State*, in which the Texas Court of Criminal Appeals held that the allowable unit of prosecution for indecency with a child by exposure is not the number of children involved, but the act of exposure itself. 359 S.W.3d 625, 629–30 (Tex. Crim. App. 2011). In response, the State contends that the legislative history of section 49.045 indicates that the offense was intended to be a "more specific application" of the child endangerment statute which "could be used to enhance future DWI offenses." *See* TEX. PENAL CODE ANN. § 22.041(c) (West, Westlaw through 2015 R.S.) (providing that a person commits the state jail felony of child endangerment "if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that places a child younger than 15

4

years in imminent danger of death, bodily injury, or physical or mental impairment").[2] The State suggests, without reference to authority, that "[h]ad the endangering conduct been anything other than DWI, the [child endangerment] statute would have allowed a separate offense for each child" and therefore it "would be absurd for the newly-enacted and more specific statute to thereby reduce the number of offenses for which the defendant could be punished."

Since the filing of briefs in this case, the Eastland Court of Appeals decided in *State v. Bara* that the "allowable unit of prosecution" under section 49.045 is "one offense for each incident of driving or operating a vehicle." ___ S.W.3d ___, ___, 2016 WL 4118659, at *4 (Tex. App.—Eastland 2016, no pet.) (mem. op.). The Eastland court noted that, though "[t]he statute is not as clear as it could be because of the use of the passive voice," the phrase "by a passenger who is younger than 15 years of age" is a "descriptive adverbial phrase." ___ S.W.3d at ___, 2016 WL 4118659, at *2. The court concluded:

> Driving or operating the vehicle is the offense element that requires a completed act for the offense of DWI with a child passenger. Once the act of driving is completed, as indicated above, the offense is complete so long as the State proves the existence of another circumstance: the presence of a child. *See* TEX. PENAL CODE ANN. § 49.045. Like *Harris*, the presence of a child in the vehicle does not constitute an "act"; rather, the presence of a child in the vehicle is a circumstance that accompanies the "act" of driving or operating. The child need only be present in the car for the offense to be effectuated; the child does not have to be aware that the driver is intoxicated, and there need not be any actual injury to the child. *Cf. Harris*, 359 S.W.3d at 631 (applying such factors to offense of indecency with a

---

[2] The Senate bill analysis of the enacting law stated:

Under current Texas law, a person who is driving while intoxicated (DWI) and has a child in the motor vehicle can be charged with child endangerment. However the DWI, the lesser charge [a class A or class B misdemeanor], will not be prosecuted, because child endangerment is a state [jail] felony. S.B. 45 creates a new offense, "DWI with child passenger," as a state jail felony.

Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 45, 78th Leg., R.S. (2003).

5

child by exposure). Therefore, the allowable unit of prosecution is each incident of driving, not each child present in the vehicle.

___ S.W.3d at ___, 2016 WL 4118659, at *3. We concur with the Eastland court's reasoning and agree that the "allowable unit of prosecution" for DWI with a child passenger is one offense for each incident of driving or operating a vehicle.[3]  *See* TEX. PENAL CODE ANN. § 49.045.

The State additionally argues that Gonzalez failed to preserve the issue in the trial court because a motion to quash the indictment was not the proper vehicle for asserting a double jeopardy challenge. The State notes correctly that it is permitted to allege multiple offenses in one indictment and there will be no double jeopardy problem if the jury is later instructed that it may convict on only one of them. *See Crocker v. State*, 573 S.W.2d 190, 197 (Tex. Crim. App. [Panel Op.] 1978). The State argues that the trial court therefore did not err in denying the motion to quash.

We agree that the trial court did not err by denying the motion to quash; however, we disagree that this precludes us from reviewing the double jeopardy issue. The court of criminal appeals has held that, because of the "fundamental nature" of double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal if two conditions are met: "(1) the undisputed facts show that the double-jeopardy violation is clearly apparent on the face of the record; and (2) enforcement of the usual rules of

---

[3] It is also noteworthy that the court of criminal appeals has stated that "the allowable unit of prosecution for an assaultive offense is one unit per victim." *Bigon v. State*, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008). The child endangerment statute, section 22.041, is contained within chapter 22 of the penal code, which is entitled "Assaultive Offenses." *See* TEX. PENAL CODE ANN. § 22.041. On the other hand, the DWI with a child passenger statute is contained within chapter 49 of the penal code, entitled "Intoxication and Alcoholic Beverage Offenses." *See id.* § 49.045. Therefore, *Bigon* does not compel a conclusion that the allowable unit of prosecution for DWI with a child passenger is "one unit per victim." *See State v. Bara*, ___ S.W.3d ___, ___, 2016 WL 4118659, at *3–4 (Tex. App.—Eastland 2016, no pet.) (mem. op.).

6

procedural default serves no legitimate state interest." *Ex parte Denton*, 399 S.W.3d 540, 544–45 (Tex. Crim. App. 2013) (citing *Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006); *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000)). A double jeopardy claim is "apparent on the face of the trial record" if "resolution of the claim does not require further proceedings for the purpose of introducing additional evidence in support" of the double jeopardy claim. *Id.* (citing *Ex parte Knipp*, 236 S.W.3d 214, 216, n.3 (Tex. Crim. App. 2007); *Gonzalez*, 8 S.W.3d at 643).

The State contends that, because there is no reporter's record of the plea hearing, we must presume that evidence was presented at the hearing that supported the judgment. *See Williams v. State*, 950 S.W.2d 383, 385 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding that "in order to challenge the sufficiency of the evidence to support a judgment based on a plea of guilty or no contest, a defendant must bring forward a full statement of facts, including a transcription of the plea proceedings"). It contends that "[f]or all we know, evidence presented at the hearing might have shown that Gonzalez was stopped for DWI three separate times on the same day, each time with a separate child passenger." We disagree. Medical records and police reports attached to Gonzalez's judicial confession of guilt establish conclusively that there was only one traffic accident. Accordingly, as in *Denton*, "there is no need for expansion of the record" because it "contains all of the information needed to address the merits of the double-jeopardy claim." *See Ex parte Denton*, 399 S.W.3d at 544–45 (noting that "[i]f we find that there is a double-jeopardy violation, the remedy will be to vacate one of the convictions" and "no additional proceedings will be required").

Finally, the State asserts that the lack of a reporter's record of the plea hearing prevents us from determining whether "enforcement of the usual rules of procedural

7

default serves no legitimate state interest," *see id.* at 544, because a record of the hearing might show "an explicit waiver of a double jeopardy challenge by Gonzalez in exchange for the plea agreement." Again, we disagree. Even if such an explicit waiver was made,[4] the State does not cite authority, and we find none, establishing that there would be a "legitimate state interest" in maintaining the clearly erroneous convictions. *See id.* at 545 ("While the state may have an interest in maintaining the finality of a conviction, we perceive no legitimate interest in maintaining a conviction when it is clear on the face of the record that the conviction was obtained in contravention of constitutional double-jeopardy protections."); *but see id.* at 556–57 (Keller, P.J., concurring) (noting that the *Denton* majority "writes this second 'no legitimate state interest' prong out of the law" and therefore conflicts with *Gonzalez*, which originally espoused the two-part test, and *Langs*, which affirmed *Gonzalez*).

We conclude that a double jeopardy violation is "clearly apparent on the face of the record" and "enforcement of the usual rules of procedural default serves no legitimate state interest." *See id.* at 544–45. Therefore, even if Gonzalez failed to preserve the issue at trial, she is permitted to raise the issue for the first time on appeal. And, for the reasons stated above, we sustain the issue.

---

[4] It is unclear from the record whether Gonzalez explicitly waived her right to assert a double jeopardy challenge on appeal. Her written waiver of rights states:

> Withdrawal of Pretrial Motions and/or Rulings on Pretrial Motions: In the event that my lawyer filed pretrial motions on my behalf, I hereby withdraw all such motions, except those motions previously ruled upon by the Court. If the Court ruled on my pretrial motions filed on my behalf, I hereby waive my right to appeal any such rights.

> Waiver of Appeal: I understand that, whether I plead guilty or nolo contendere with or without a plea bargain agreement, I may have a limited right to appeal. Regardless of the result of this proceeding, *I hereby waive any right of appeal that I may have in this cause*.

(Emphasis in original.) The words "except those motions previously ruled upon by the Court" in the first paragraph are crossed out, but Gonzalez's initials appear next to that paragraph. Gonzalez's initials were written, then crossed out, next to the second paragraph.

### III. CONCLUSION

Generally, when a defendant is convicted of multiple offenses in violation of double jeopardy, the conviction for the more serious offense is retained, and the others are set aside. *Id.* at 547 (citing *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006)). Here, the three DWI with a child passenger convictions are of equal seriousness. In *Cavazos*, the court of criminal appeals noted that, "all other factors being equal, the conviction that should be affirmed is the offense named in the first verdict form." *Ex parte Cavazos*, 203 S.W.3d at 339 n.8. Accordingly, we vacate Gonzalez's convictions on Counts 4 and 5 and we affirm her conviction on Count 3.

DORI CONTRERAS GARZA
Justice

Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of December, 2016.

9