

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,503-01

**EX PARTE JASON JERMAINE COOK, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 19739-A IN THE 369TH DISTRICT COURT
## FROM CHEROKEE COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to two counts of driving while intoxicated with a child passenger and was sentenced to ten years' imprisonment on each count. He did not appeal his convictions. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was sentenced to multiple punishments in violation of the Double Jeopardy Clause and that trial counsel failed to file a pretrial motion to quash the indictment and raise double jeopardy. Applicant has alleged facts that, if true, might entitle him to relief. *North Carolina v. Pearce*, 395 U.S. 711 (1969); *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court

is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's second ground in his application. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was sentenced to multiple punishments in violation of the Double Jeopardy Clause. *See generally State v. Bara*, 500 S.W.3d 582, 587 (Tex. App.—Eastland 2016) (holding that § 49.045 of the Texas Penal Code has, as the allowable unit of prosecution, "one offense for each incident of driving or operating a vehicle"); *Gonzalez v. State*, 516 S.W.3d 18, 22 (Tex App.—Corpus Christi–Edinburg 2016) (agreeing with the reasoning in *Bara* and holding that the allowable unit of prosecution under § 49.045 is "one offense for each incident of driving or operating a vehicle"). The trial court shall also make findings and conclusions as to whether trial counsel was deficient and Applicant was prejudiced by his alleged deficient conduct. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.


Filed:  September 23, 2020

Do not publish