**Ex parte Teresita GONZALEZ.**

**No. 04–03–00658–CR.**

Court of Appeals of Texas, San Antonio.

June 9, 2004.

Rehearing Overruled July 28, 2004.

Discretionary Review Dismissed Nov. 17, 2004.

Jorge G. Aristotelidis, San Antonio, for appellant.

Edward F. Shaughnessy, III, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

Defendant, Teresita Gonzalez, entered a plea of nolo contendere to the misdemeanor offense of unlawful carrying of an illegal knife. The trial court assessed her punishment at nine months' confinement along with a $600.00 fine. Her nine-month sentence was suspended and she was placed on community supervision for a period of ten months. Subsequently, defendant was indicted for unlawful carrying of a handgun on licensed premises. Defendant filed a pre-trial application for writ of habeas corpus, alleging this second prosecution was barred by her previous plea of nolo contendere. After an evidentiary hearing, the trial court denied relief. Concluding that defendant's second prosecution is not jeopardy-barred, we affirm.

## BACKGROUND

Defendant and a co-defendant were found in an automobile in the parking lot

of a premises licensed to sell alcoholic beverages with an illegal knife and two handguns in violation of Texas Penal Code section 46.02 ("Unlawful Carrying Weapon"). Defendant was first charged with and pled nolo contendere to the misdemeanor offense of unlawfully carrying the illegal knife. *See* Tex. Pen.Code Ann. § 46.02(a) (Vernon 2003). Subsequently, defendant was charged with the felony offense of unlawfully carrying the handgun on licensed premises. *See id.* § 46.02(a), (c).

## ISSUE

On appeal, defendant asserts her successive prosecution violates the Double Jeopardy clause of both the United States and Texas Constitutions. She contends that although she carried both an illegal knife and a handgun, these are a single offense under Penal Code section 46.02 because both charges arose from the same criminal transaction. Section 46.02 reads as follows:

(a) a person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club.

(b) except as provided by Subsection (c) an offense under this section is a Class A misdemeanor.

(c) an offense under this section is a felony of the third degree if the offense is committed on any premises licensed or issued a permit by this state for the sale of alcoholic beverages.

TEX. PEN.CODE ANN. § 46.02.

■ Generally, a second prosecution is permitted when "each offense requires proof of an element that the other offense (or offenses) does not." *Watson v. State,* 900 S.W.2d 60, 62 (Tex.Crim.App.1995) (citing *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). However, the *Blockburger* test is not applicable when, as here, we are dealing with multiple violations of a single statutory provision. *Vineyard v. State,* 958 S.W.2d 834, 837 n. 5 (Tex.Crim.App. 1998) (citing *Ex Parte Rathmell,* 717 S.W.2d 33, 35 (Tex.Crim.App.1986)). Under these circumstances, we apply a different analysis. When a defendant's conduct allegedly violates the same statute multiple times, we must determine whether the conduct constitutes more than one offense under the statute. *Haight v. State,* 103 S.W.3d 498, 503 (Tex.App.-San Antonio 2003, pet. ref'd); *see also Vineyard,* 958 S.W.2d at 837 n. 6 (noting that this "is the main inquiry the appellate courts should make in cases like this"). This determination is necessary because, although our state courts are bound by United States Supreme Court decisions interpreting the scope of double jeopardy, the determination of what constitutes an offense is largely a matter of state law. *Iglehart v. State,* 837 S.W.2d 122, 127 (Tex.Crim.App.1992), *rev'd on other grounds, Bailey v. State,* 87 S.W.3d 122 (Tex.Crim.App.2002). If we determine that defendant's conduct comprises but a single offense, "our inquiry is ended, as a successive prosecution for the same offense after [defendant's] earlier conviction would be a prima facie violation of the double jeopardy clause." *Iglehart,* 837 S.W.2d at 127.

### ONE OFFENSE OR TWO?

■ Whether a particular statute involves one or more offenses depends on the Legislature's intent, and not on principles of double jeopardy. *See Ex parte Hawkins,* 6 S.W.3d 554, 556 (Tex.Crim. App.1999); *Iglehart,* 837 S.W.2d at 128. The Legislature "defines whether offenses are the same ... by prescribing the 'allowable unit of prosecution,' which is 'a distinguishable discrete act that is a separate violation of the statute.'" *Id.* Accordingly, a determination of whether the Legislature

intended for the simultaneous possession of more than one of the different weapons enumerated in section 46.02(a) to be the same offense or separate offenses requires us to discern the statute's "allowable unit of prosecution." This determination involves distinguishing between conduct-oriented statutes and possession-oriented statutes.

### Conduct–Oriented Statutes

■ With conduct-oriented statutes, each victim is the allowable unit of prosecution. *See Ex Parte Rathmell,* 717 S.W.2d at 35 (stating that in the context of involuntary manslaughter the allowable unit of prosecution is determined by the death of each victim); *Ex Parte Hawkins,* 6 S.W.3d at 560 (because robbery is a form of assault, the allowable unit of prosecution is each victim); *Haight,* 103 S.W.3d at 504 (holding that "one victim constitutes only one allowable unit of prosecution ... for offenses of official oppression"); *cf. Vick v. State,* 991 S.W.2d 830, 832 (Tex.Crim. App.1999) (holding that the applicable statute is conduct-oriented, which proscribes "very specific conduct of several different types," and although there is only one victim each proscribed conduct constitutes a separate violation of the victim).

In *Iglehart,* the appellant was first charged with the misdemeanor theft of property from one owner and later indicted for the felony theft of property from a second owner; both thefts arose from the same transaction. The Court interpreted the statute [1] prohibiting the unlawful appropriation of property with the intent to deprive "the owner" of their property as allowing separate prosecutions arising out of a single transaction. 837 S.W.2d at 127. The Court stated it was clear the Legislature intended for an offense to be complete when there was an unlawful appropriation of property coupled with an intent to deprive each owner of their property. *Id.* Consequently, because there were two owners the appellant committed two separate offenses, arising out of the same transaction, violating a single statute. *Id.* The Court stated that "each such [offense of a single statute] constitutes a separate 'allowable unit of prosecution.'" *Id.* at 127 n. 6.

In *Vick,* the Court of Criminal Appeals took a different analytical approach. Rather than determine the allowable unit of prosecution, the Court examined the proscribed conduct. The Court noted the sexual assault statute at issue was conduct-oriented, proscribing "very specific conduct of several different types." *Id.* The Court held

> The statute criminalizes many types of sexually assaultive conduct with a child. Yet, each section usually entails different and separate acts to commit the various, prohibited conduct. This specificity reflects the legislature's intent to separately and distinctly criminalize any act which constitutes the proscribed conduct. An offense is complete when a person commits any one of the proscribed acts. In sum, Sec. 22.021 is a conduct-oriented statute; it uses the conjunctive "or" to distinguish and separate different conduct; and its various sections specifically define sexual conduct in ways that usually require different and distinct acts to commit. These considerations lead us to conclude that the Legislature intended that each separately described conduct constitutes a separate statutory offense.

*Id.* at 833.

### Possession–Oriented Statutes

■ On the other hand, with a possession-oriented statute the proscribed item is

1. "A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property." Tex. Pen.Code Ann. § 31.03(a) (Vernon 2003).

the allowable unit of prosecution. *See Watson v. State*, 900 S.W.2d 60, 62 (Tex. Crim.App.1995) (holding that possession of heroin and possession of cocaine were separate offenses even though they arose out of a single transaction); *Nichols v. State*, 52 S.W.3d 501, 503 (Tex.App.-Dallas 2001, no pet.) (holding that possession of each proscribed controlled substance is a separate offense); *compare with Lopez v. State*, 108 S.W.3d 293, 300 (Tex.Crim.App. 2003) (holding that offer to sell and possession of drugs to complete that specific sale is one single offense).

In *Lopez*, the appellant was indicted on two separate counts in violation of Health and Safety Code section 481.112(a).[2] 108 S.W.3d at 295. The first indictment charged him with intent to deliver, by offering to sell, four hundred grams of cocaine. *Id.* The second indictment charged appellant with possessing the same controlled substance. *Id.* The Court of Criminal Appeals addressed whether multiple proscribed conduct, in regards to a single controlled substance, would be a separate violation of a single statute. *Id.* at 294. The Court stated that if the facts had involved two different proscribed substances, such as heroin and cocaine, "appellant could have been convicted for both of those distinct offenses." *Id.* at 298. However, because the facts involved the single sale of one drug the Court held that the offer to sell and possession were but one single offense. *Id.* at 300.

In *Vineyard*, the Court addressed a similar issue in determining "whether our Legislature intended . . . for the simulta-neous possession of each item of child pornography to constitute a separate violation or an 'allowable unit of prosecution.'" 958 S.W.2d at 837.[3] The court of appeals had concluded that the essential element in both prosecutions was a film image and consequently the videotape in the first prosecution and the photograph in the second prosecution served only as descriptive terms of the essential element. *Id.* at 836. The court of appeals also concluded the Legislature did not intend to allow for more than one unit of prosecution. *Id.* The Court of Criminal Appeals rejected the appellate court's conclusion. The Court noted that the Legislature used the singular term "film image" in the statute. *Id.* at 837. Based on its use of the singular, the Court held that for purposes of double jeopardy analysis the possession of each film image of child pornography constituted an allowable unit of prosecution. *Id.* at 838.

In his concurrence, Justice Meyers explained as follows:

Each film image must be considered independently in determining the applicability of an affirmative defense. The Legislature would not have structured the provision such that the film images are to be considered individually for purposes of determining the applicability of a given affirmative defense, but collectively for purposes of determining the 'units of prosecution.' It follows that a defendant may commit more than one offense when he possesses more than one film image, whether the multiple film images are the same or different

---

2. Section 481.112(a) provides in pertinent part: "a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1." TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon 2003).

3. The applicable statute provides, in relevant part, that a person commits the offense of possession of child pornography if that person knowingly or intentionally "possesses visual material that visually depicts a child . . . engaging in sexual conduct." TEX. PEN.CODE ANN. § 43.26(a)(1) (Vernon 2003).

types. Nothing in this case suggests that the two images possessed are of the same children. Having possessed two separate film images, appellant committed two separate offenses.

*Id.* at 841–42 (Meyers, J., concurring).[4]

### Unlawful Carrying Weapon Statute

■ Under the unlawful carrying weapon statute, the operative action is the possession of one of three types of weapons: a handgun, an illegal knife as defined in Penal Code section 46.01(6), or a club. *See* Tex. Pen.Code Ann. § 46.02. Subsection (a) of section 46.02 creates the offense of unlawfully carrying of a weapon. *See Uribe v. State,* 573 S.W.2d 819, 821 (Tex.Crim. App.1978). Subsection (c) does not create a separate offense, but merely raises the penalty from a misdemeanor to a felony when the offense is committed in a designated place. *Id.*

■ Under section 46.02(a), a defendant "may be held accountable for the gravamen of the offense—the [unlawful carrying] of [a weapon] in our society." *See Lopez,* 108 S.W.3d at 300; *see also Lahue v. State,* 51 Tex.Crim. 159, 101 S.W. 1008, 1010 (1907) (stating that then Article 338, the equivalent of section 46.02, "was simply to punish a man who carried arms inhibited by its terms"). We hold that the allowable unit of prosecution under section 46.02 is the weapon. Therefore, the unlawful carrying of a knife and the unlawful carrying of a gun are two separate and distinct offenses for which defendant may be prosecuted.[5] Accordingly, we need not employ the *Blockburger* test, and our inquiry ends for double jeopardy purposes. *See Vick,* 991 S.W.2d at 833.

### GREATER PROTECTION UNDER THE TEXAS CONSTITUTION?

Defendant contends that the Texas Constitution, Article I, section 14, provides greater protection than the Fifth Amendment of the United States Constitution when it comes to double jeopardy protection from successive prosecutions. However, she does not provide direct authority that our state constitution provides greater protection against double jeopardy under these circumstances than the federal constitution.

■ The two double jeopardy provisions are conceptually identical. *Stephens v. State,* 806 S.W.2d 812, 815 (Tex.Crim.App. 1990); *Phillips v. State,* 787 S.W.2d 391, 393 n. 2 (Tex.Crim.App.1990). The Court of Criminal Appeals has held that the Texas Constitution's double jeopardy protections were "slightly more expansive" than the federal constitution's double jeopardy protections when prosecutorial misconduct prompted a defendant to seek a mistrial. *See Bauder v. State,* 921 S.W.2d 696, 699 (Tex.Crim.App.1996). However, the *Bauder* Court did not suggest that: (1) the Texas Constitution provides greater protections to defendants urging double jeopardy for multiple punishments of the same offense or (2) it intended to invalidate pre-

---

4. In an unpublished opinion, the Beaumont Court of Appeals faced a similar issue, except there the appellant possessed two videotapes depicting the same victim. *See Anderson v. State,* 09–99–179CR, 2000 WL 235137 (Tex. App.-Beaumont Mar.1, 2000, no pet.) (not designated for publication). The court held, "It is of no moment whether the items in question are both tapes, both pictures, or a combination. Likewise, it is irrelevant whether the pornography depicts more than one victim." 2000 WL 235137 at *2.

5. In this appeal, we do not address whether the carrying of more than one of the same type of weapon is a single offense or different offenses. Our holding is limited to the facts presented here: defendant was charged with the unlawful carrying of two different types of weapons.

vious case law deciding jeopardy in multiple punishments. *See Ex parte Anthony,* 931 S.W.2d 664, 667 (Tex.App.-Dallas 1996, pet. ref'd). We hold that the Texas Constitution does not afford any different or greater protections than does the United States Constitution for successive prosecutions following a conviction. *See Ex parte Pool,* 71 S.W.3d 462, 466 (Tex.App.-Tyler 2002, no pet.); *Ex parte Arenivas,* 6 S.W.3d 631, 633 (Tex.App.-El Paso 1999, no pet.).

## CONCLUSION

We overrule defendant's issues on appeal and affirm the trial court's judgment.