COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-104-CR

 

 

EX PARTE MICHAEL JOSEPH BENNETT                                                   

 

                                                                                                        

 

                                              ------------

 

             FROM
THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.  Introduction

Appellant Michael Joseph
Bennett appeals the trial court=s denial of relief on his pre-conviction application for writ of
habeas corpus.  In a single issue,
Bennett argues that his retrial following a mistrial violates the state and
federal constitutional protections against double jeopardy because the State
elicited testimony from two witnesses that was intended to provoke him into
moving for the mistrial.  We will affirm.

 








II.  Factual and Procedural Background

Bennett=s aggravated sexual assault trial began on January 8, 2007. During
voir dire, Bennett=s counsel
asked the venire panel whether any of them knew any of the witnesses who were
likely to testify at trial, including Don and Diana Shipley.  Three venirepersons disclosed that they knew
one or both of the Shipleys, but venireperson Albert remained silent.  Venireperson Albert was subsequently selected
to serve on the jury, which was immediately sworn in.   Don and Diana Shipley testified the next day.  After their testimony, Juror Albert notified
the trial court that he knew the Shipleys. 
Outside the presence of the jury, the trial court allowed each side to
question Juror Albert as to whether he could set aside his relationship with
the Shipleys and be a fair and impartial juror. 
Although he affirmed that he could render a fair and impartial verdict
based on the evidence, he also responded to a question posed by Bennett=s counsel that he Awouldn=t have any
doubt that what they [the Shipleys] were saying was true.@  At the conclusion of the
questioning, Bennett=s counsel
moved to have Juror Albert struck from the jury.  The trial court overruled the challenge, and
the trial continued.








A counselor and a
psychologist subsequently testified for the State about their treatment of the
complainant.  In response to the State=s questioning and over Bennett=s objection, both opined that the complainant had been truthful about
the events constituting the alleged sexual assaults.  Before the State rested, however, it alerted
the trial court that the counselor=s and psychologist=s testimony about the complainant=s veracity may not have been admissible and that a limiting
instruction addressing this issue either read to the jury or included in the
jury charge would Aprobably . .
. be appropriate.@

At the charge conference,
Bennett moved for a mistrial on two separate grounds.  He requested a mistrial because the trial
court allowed Juror Albert to remain on the jury despite Juror Albert=s belated disclosure that he knew the Shipleys.  The trial court responded that it would Atake that under advisement@ and that it would be Adecided tomorrow morning.@  Bennett also requested a mistrial
because, according to him, the limiting instruction included in the jury charge
regarding the inappropriate testimony elicited by the State about the
complainant=s veracity
would be insufficient to cure any possible harm.  The trial court clearly and unambiguously
denied Bennett=s request
for a mistrial on the second ground.  It
stated as follows: 

THE
COURT: On the second ground, as far as the Limine or the instruction, I overrule
that part. . . . 

 








The trial court heard
arguments from each side the next day on Bennett=s request for a mistrial due to Juror Albert sitting on the jury.  Bennett testified that he was not willing to
proceed with the trial with only eleven jurors. 
The trial court then struck Juror Albert from the jury and declared a
mistrial.

Bennett filed his application
for writ of habeas corpus seeking relief from double jeopardy and motion to
dismiss the indictment based on the previous mistrial.  At the hearing on his writ of habeas corpus,
Bennett testified that he would have continued on with the trial with only
eleven jurors had the trial court struck Juror Albert from the jury when first
requested to do so.  He reasoned that he
was forced to request the mistrial because of the State=s questions inquiring into whether the counselor and psychologist
thought the complainant was being truthful. 
The trial court denied Bennet=s requested relief.  This appeal
followed.

III.  Double Jeopardy Does Not Bar Bennett=s Retrial

Bennett argues that the
protection against double jeopardy bars his retrial because the State=s questioning the counselor and psychologist about their opinions of
the complainant=s
truthfulness was Aintended to
provoke the defendant into moving for a mistrial.@








Habeas corpus is an
extraordinary writ used to challenge the legality of one=s restraint.  Tex. Code Crim. Proc. Ann. art. 11.01
(Vernon 2005).  In reviewing the trial
court=s decision to grant or deny habeas relief, we review the evidence in
the light most favorable to the trial court=s ruling.  Ex Parte
Masonheimer, 220 S.W.3d 494, 507 (Tex. Crim. App. 2007).  Generally, we review a trial court=s decision under an abuse of discretion standard of review.  Ex parte Wheeler, 203 S.W.3d 317, 324
(Tex. Crim. App. 2006). 

The Double Jeopardy clause of
the United States Constitution provides, A[N]or shall any person be subject for the same offense to be twice put
in jeopardy of life or limb.@  U.S. Const. amend. V. 
The primary guarantee offered by this constitutional provision is
protection against being subjected to successive prosecutions for the same
criminal offense.  Brown v. Ohio,
432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977). 
The Texas constitution states as follows: ANo person, for the same offense, shall be twice put in jeopardy of
life or liberty, nor shall a person be again put upon trial for the same
offense, after a verdict of not guilty in a court of competent jurisdiction.@  Tex. Const. Art. I, ' 14.  Conceptually, the
state and federal double jeopardy provisions are identical, and the Texas
constitution does not afford any different or greater protections in this
regard than does the Fifth Amendment.  Stephens
v. State, 806 S.W.2d 812, 815 (Tex. Crim. App. 1990); Ex parte Gonzalez,
147 S.W.3d 474, 479B80 (Tex.
App.CSan Antonio 2004, pet. ref=d).








When a trial court grants a
defendant=s motion for
mistrial, the double jeopardy clause is not violated unless the State=s conduct giving rise to the motion was Aintended to goad@ the
defendant into moving for a mistrial.  Oregon
v. Kennedy, 456 U.S. 667, 675B76, 102 S. Ct. 2083, 2089 (1982). 
Under both the federal and state constitutions, retrial is barred only
if the prosecutor intentionally caused a mistrial.  Id.; Ex parte Lewis, 219 S.W.3d
335, 371 (Tex. Crim. App. 2007) (adopting Kennedy standard for
determining when to grant double jeopardy relief under Texas constitution after
a defense-requested mistrial and overruling Bauder v. State, 921 S.W.2d
696 (Tex. Crim. App. 1996), which barred retrials under double jeopardy when
the prosecutor was aware but consciously disregarded the risk that his conduct
would require a mistrial at the defendant=s request); see also Masonheimer, 220 S.W.3d at 507 (stating
that appellee=s mistrial
motions were necessitated primarily by the state=s intentional failure to disclose exculpatory evidence that was
available prior to appellee=s first trial with the specific intent to avoid the possibility of an
acquittal).








Here, the record is clear
that Bennett requested a mistrial on the following two grounds: (1) Juror
Albert remaining on the jury after his disclosure that he knew the Shipleys and
(2) the alleged failure of the limiting instruction to cure any harm resulting
from the experts= testimony
about the complainant=s
truthfulness.  The trial court granted
Bennett=s request for a mistrial on the first ground; it denied Bennett=s request for a mistrial on the second ground.  Regarding the first ground for mistrial, the
trial court stated the following when Juror Albert first notified it of his
oversight regarding his relationship with the Shipleys:

THE
COURT: I need to see the lawyers at the bench please.  Let the record reflect we=re
out of the presence of the Jury.  One of
our jury members, Bobby Albert, has indicated that he C he
knows the Shipleys, not well, but he knows them.  He didn=t realize that was the
Shipley family that he knew, I think from First Baptist Church, when he was
asked about it yesterday.  They=re C it
was asked in terms of Henrietta.  He said
I don=t
know anybody in Henrietta, but apparently, he=s met
them.  I=m
going to C I=ve
asked him to come back in so that you all can question him.  Okay? 

 

Each side then questioned Juror Albert about his
ability to be a fair and impartial juror, and the trial court overruled Bennett=s request to strike Juror Albert from the jury.  Bennett=s counsel later stated the following when he requested a mistrial on
the first ground:

[Bennett=s
counsel]: As the Court=s
aware, we had previously raised an issue regarding what we perceive to be
problems with one of the jurors who came forward after testimony had begun
stating that they knew the Shipleys who had testified and we had requested that
he be struck.  And the Court refused that
request at that time.

 

At this
time, we would like to re-urge our objection to him being seated on there and
ask that a mistrial be granted of this case as a result of that.

At a hearing the following morning on Bennett=s first ground for mistrial, the State argued that Juror Albert could
be fair and impartial.  Bennett stated
that he was unwilling to continue the trial with only eleven jurors.








The record thus demonstrates
that Bennett requested a mistrial on the first ground because Juror Albert
remained on the jury after he had disclosed to the trial court that he knew the
Shipleys, which occurred after Juror Albert had failed to inform Bennet=s counsel at voir dire that he knew the Shipleys.  Consequently, double jeopardy does not bar
Bennett=s retrial because his successful motion for a mistrial on the first
ground was prompted by Juror Albert=s own oversight regarding his relationship with the Shipleys, not by
any prosecutorial conduct intended to goad Bennett into requesting a
mistrial.  See Kennedy, 456 U.S.
at 675B76, 102 S. Ct. at 2089; Lewis, 216 S.W.3d at 371.  Indeed, in the process of informing the jury
that it was declaring a mistrial, the trial court explained that the mistrial
had been granted Anot through
misconduct of any of the parties.@








Bennett attempts to tie the
State=s allegedly inappropriate Aintentional questioning@ of the counselor and psychologist regarding their opinions of the
complainant=s
truthfulness, the basis of his denied ground for mistrial, to the successful
ruling on his first ground for mistrial. 
He states that he was unwilling to continue the trial with eleven jurors
because the jury had become Aso tainted by the improper testimony of the State=s witnesses.@  Consequently, he argues that, A[h]ad the improper testimony not been elicited by the State=s intentional questioning, Mr. Bennett would have been perfectly
willing to continue with the eleven remaining jurors.@  Finding merit in Bennett=s argument, however, would force us to ignore the applicable standard
of review, which we cannot do.  The
evidence viewed in the light most favorable to the trial court=s rulingCthat Bennett
requested a mistrial on the first ground because Juror Albert remained on the
jury after disclosing his oversight regarding his relationship with the
Shipleys and not because of any prosecutorial misconductCsupports the trial court=s order denying Bennett=s requested relief.  See
Masonheimer, 220 S.W.3d at 507.

We hold that the trial court
did not abuse its discretion by concluding that Bennett=s retrial will not violate federal and state double jeopardy
protections and by denying Bennett=s habeas relief.  Accordingly,
we overrule Bennett=s sole
issue.

IV.  Conclusion

Having overruled Bennett=s issue, we affirm the trial court=s judgment.

 

DIXON W. HOLMAN

JUSTICE

 

PANEL F: 
LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

PUBLISH

 

DELIVERED:  January 10, 2008