COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| RAMSES LUIS LICANO, | § | No. 08-19-00230-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Court of Law Number Two |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20190C01809) |

## **O P I N I O N**

Appellant Ramses Luis Licano was charged with two distinct misdemeanor offenses: (1) unlawful carrying of a weapon in a motor vehicle while engaged in criminal activity (UCW) and, (2) driving while intoxicated (DWI). TEX. PENAL CODE ANN. § 46.02(a-1)(2)(A) and (b); TEX. PENAL CODE ANN. § 49.04(a) and (b). Both charges arose out of the same incident and, even though the charges were filed with separate trial cause numbers, Licano consented to the two being tried together. A jury convicted Licano of both charges. Licano filed two identical notices of appeal under distinct appellate cause numbers, No. 08-19-00229-CR for the UCW charge (trial court cause number 20190C01810) and No. 08-19-00230-CR for the DWI charge (trial court cause number 20190C01809). In both appeals, Licano argues in a single issue that the two convictions result in multiple punishments for the same offense, thereby violating the Double Jeopardy Clause

of the Fifth Amendment. Yet, he only seeks a remedy on appeal as to his DWI conviction and punishment, not as to his UCW conviction. We address each appeal individually except to the extent we recognize that the two appeals are interrelated. Accordingly, this appeal addresses appellate cause number 08-19-00230-CR (trial court cause number 20190C01809), which pertains solely to the DWI charge.

Finding no double jeopardy violation, we affirm.

## I.    BACKGROUND

The underlying facts resulting in Licano's convictions are not in dispute. During trial, Officer Oswaldo Ordonez of the El Paso Police Department testified he initiated a traffic stop after observing a car that appeared to be speeding and swerving. During the stop, the driver identified as Licano, told Officer Ordonez he had a weapon in his glove box. Officer Ordonez recovered a .40-caliber handgun in the vehicle and, after conducting standardized field sobriety tests, determined Licano was operating a vehicle in a public place while intoxicated. Officer Ordonez placed Licano under arrest for driving while intoxicated.

Licano was charged by information with a single count of unlawful carrying of a weapon. Licano was also charged by information with driving while intoxicated. A jury convicted Licano of both charges. The trial court sentenced Licano to one year in jail for the UCW offense and 180 days in jail for the DWI, each probated for a period of one year.

## II.    DISCUSSION

In a single issue on appeal, Licano contends that imposing punishments for both the DWI and the UCW while committing a DWI, both arising from the same incident, subject him to multiple punishments not clearly authorized by the Texas Legislature. Licano asserts three

2

arguments in support of his position that these multiple punishments violate his double jeopardy protections. First, he argues that the DWI offense was wholly subsumed by the UCW offense. Second, Licano argues that the DWI offense merged with the UCW offense. Lastly, he argues there is no clear legislative intent to impose multiple punishments. The State counters that the two offenses are not the same offense for double jeopardy purposes and multiple punishments are not imposed against legislative intent.

### A. Standard of Review and Applicable Law

The Double Jeopardy Clause of the Fifth Amendment states that no person shall be placed twice in jeopardy for the same offense. U.S. CONST. amend. V. The burden is on the accused to demonstrate an entitlement to relief on double jeopardy grounds. *Bailey v. State*, 44 S.W.3d 690, 694 (Tex. App.—Houston [14th Dist.] 2001), *aff'd*, 87 S.W.3d 122 (Tex. Crim. App. 2002). The Double Jeopardy clause, which is applicable to the states through the Fourteenth Amendment, protects against second prosecutions for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. U.S. CONST. amend. V; *Brown v. Ohio*, 432 U.S. 161, 164 (1977); *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014); *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006). The multiple punishments claim arises when either the same conduct is punished twice under the lesser-included offense context, or when the same criminal act is punished twice under distinct statutes when there was clear legislative intent that the conduct only be punished once. *Langs*, 183 S.W.3d at 685. Licano solely asserts a claim under the latter multiple punishment theory.

When two different statutory provisions are at issue, the claimant must prove the two are the same under both an "elements" analysis—legal sameness—and a "units" analysis—factual

3

sameness—to show a double jeopardy violation. *Blockburger v. U.S.*, 284 U.S. 299, 304 (1932); *Ex parte Benson*, 459 S.W.3d 67, 71 (Tex. Crim. App. 2015); *Ex parte Castillo*, 469 S.W.3d 165, 169 (Tex. Crim. App. 2015); *Shelby v. State,* 448 S.W.3d 431, 435 (Tex. Crim. App. 2014); *Garfias*, 424 S.W.3d at 58; *Brown v. State*, No. 08-16-00097-CR, 2019 WL 1075630, at *3 (Tex. App.—El Paso Mar. 7, 2019, pet. ref'd) (not designated for publication). An "elements" analysis requires a showing that each offense requires proof of a fact that the other does not. *See Blockburger*, 284 U.S. at 304; *Castillo*, 469 S.W.3d at 168. Under this test, a lesser-included offense is legally the same as a greater offense unless the lesser requires proof of a fact not required to establish the greater. *Blockburger*, 284 U.S. at 304; *Castillo*, 469 S.W.3d at 168.

In Texas, we employ the cognate pleadings approach to compare elements of the greater offense as pleaded to the statutory elements of the lesser offense. *See Benson*, 459 S.W.3d at 72; *Castillo*, 469 S.W.3d at 172. If the offenses have the same elements, a judicial presumption arises that recognizes the offenses are the same for double jeopardy purposes, but such presumption can be rebutted by a party showing a clear legislative intent to impose multiple punishments. *See Benson*, 459 S.W.3d at 72; *Price v. State*, 434 S.W.3d 601, 609-10 (Tex. Crim. App. 2014). Conversely, a showing of different elements creates a presumption that the offenses are different, which can be rebutted with a showing of clear legislative intent for only one punishment. *See Benson*, 459 S.W.3d at 72; *Price*, 434 S.W.3d at 609-10. The non-exclusive list of factors to consider when determining whether there is a showing of legislative intent to allow the same conduct to be punished more than once under different statutes, include:

> (1) [W]hether offenses are in the same statutory section or chapter; (2) whether the offenses are phrased in the alternative; (3) whether the offenses are named similarly; (4) whether the offenses have common punishment ranges; (5) whether the offenses have a common focus or gravamen; (6) whether the common

4

focus tends to indicate a single instance of conduct; (7) whether the elements that differ between the two offenses can be considered the same under an imputed theory of liability that would result in the offenses being considered the same under Blockburger (a liberalized *Blockburger* standard); and (8) whether there is legislative history containing an articulation of an intent to treat the offenses as the same or different for double-jeopardy purposes.

*Benson*, 459 S.W.3d at 72-73 (citing *Ervin v. State*, 991 S.W.2d 804, 814 (Tex. Crim. App. 1999)).

Only when the offenses are determined to be legally the same do we then inquire into the factual sameness. *See Castillo*, 469 S.W.3d at 169; *Brown*, 2019 WL 1075630, at *3. To determine factual sameness, we consider the allowable units of prosecution for the subject offenses and then review the trial record to establish how many units have been shown. *See Benson*, 459 S.W.3d at 72; *Castillo*, 469 S.W.3d at 169; *Brown*, 2019 WL 1075630, at *3. An allowable unit of prosecution requires a determination of the gravamen of the offense based on statutory construction. *See Castillo*, 469 S.W.3d at 169; *Brown*, 2019 WL 1075630, at *3.

## B. Analysis

### 1. Elements analysis

The first step is to conduct the *Blockburger* test. *Blockburger*, 284 U.S. at 304. To be convicted of the offense of UCW, the State must prove: (1) a person; (2) intentionally, knowingly, or recklessly; (3) carried on or about his person; (4) a handgun; (5) in a motor vehicle; (6) he owned or controlled; (7) while engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic or boating. TEX. PENAL CODE ANN. § 46.02(a-1)(2)(A); *see also Ex parte Collins*, No. 05-18-01051-CR, 2019 WL 2710753, at *4 (Tex. App.—Dallas June 28, 2019, no pet.) (mem. op., not designated for publication). To be convicted of the offense of DWI, the State must prove: (1) a person; (2) was intoxicated; (3) while operating; (4) a

motor vehicle; (5) in a public place. TEX. PENAL CODE ANN. § 49.04(a); *see also Collins*, 2019 WL 2710753, at *4.

Licano argues that the UCW charge completely overlaps the DWI charge. Here, the UCW charge requires proof of an additional fact, carrying a handgun, which is not an element required of the DWI charge. *Compare* TEX. PENAL CODE ANN. § 46.02(a-1)(2)(A), *with* TEX. PENAL CODE ANN. § 49.04(a). Although the DWI offense does not clearly require proof of any additional fact than what is required to prove the UCW, courts recognize that the *Blockburger* test is a mere starting point in the analysis. *Cucuta v. State*, No. 08-15-00028-CR, 2018 WL 1026450, at *5 (Tex. App.—El Paso Feb. 23, 2018, no pet.) (not designated for publication). The two offenses have different requirements for culpability to commit each offense. The UCW offense requires the mental culpability of possession and is a circumstances-surrounding-the-conduct offense while the DWI offense contains a nature-of-conduct element. *See Ex parte Romero*, 943 S.W.2d 79, 80 (Tex. App.—San Antonio 1997, no pet.); *Dorsey v. State*, Nos. 01-18-00520-CR, 01-18-00521-CR, 01-18-00522-CR, 2019 WL 6755926, at *7 (Tex. App.—Houston [1st Dist.] Dec. 12, 2019, pet. filed); *Benson*, 459 S.W.3d at 81. When two offenses have different culpability requirements, they are not considered the same offenses for double jeopardy purposes. *See Nelson v. State*, 612 S.W.2d 605, 607 (Tex. Crim. App. [Panel Op.] 1981) (finding two offenses can be violated by the same conduct and still have unique requirements for culpability).

Licano relies on *Collins* to contend that the DWI offense charged in his case was "wholly subsumed" by the UCW charge. *Collins*, 2019 WL 2710753, at *3. In *Collins*, the Dallas Court of Appeals held there was no double jeopardy violation when the defendant was subsequently charged with unlawfully carrying a weapon after already being convicted of a Class A

6

misdemeanor DWI charge. *Collins*, 2019 WL 2710753, at *4 (holding a Class A DWI requires proof of a fact not required for a Class B misdemeanor DWI). Licano argues that because he was charged with a Class B level DWI, his DWI was wholly subsumed by the UCW offense. However, we reject this argument for two reasons: (1) *Collins* is distinguishable as our sister court had no need to conduct an analysis nor did it reach the question of whether a double jeopardy violation occurred where a party is punished for both a UCW and a Class B level DWI; and (2) *Collins* is factually distinguishable because it involved a successive-prosecution double jeopardy claim, not a multiple punishment claim which is at issue here. *Collins*, 2019 WL 2710753, at *3.

Licano next argues that the DWI and UCW charges merged and therefore, he cannot be punished under both without a legislative intent for multiple punishments. The doctrine of subsumed acts finds offenses to be merged if more than one statutory offense is committed by a single act or impulse. *Aekins v. State*, 447 S.W.3d 270, 275 (Tex. Crim. App. 2014). Licano argues a similarity to a case where two indictments for driving while intoxicated with a child passenger violated double jeopardy when there was only one incident of driving. *State v. Bara,* 500 S.W.3d 582, 584 (Tex. App.—Eastland 2016, no pet.) (mem. op.). In *Bara*, our sister court found that the offense of driving while intoxicated with a child passenger is "one offense for each incident of driving or operating a vehicle[,]" not each child in the vehicle during one incident or operation of driving. *Id*. at 586-87. In this case, Licano argues that the UCW and DWI offenses were merged once he "operated the vehicle" because the act would complete once he "drove the car with the weapon in the glove compartment." Because the two offenses are completed at different times, however, we reject this contention. The allowable unit of prosecution for the UCW offense is the weapon in possession, while for the DWI the allowable unit of prosecution is each incident of

7

driving. *See Ex parte Gonzalez*, 147 S.W.3d 474, 479 (Tex. App.—San Antonio 2004, pet. ref'd); *Ex parte Hernandez*, No. 11-17-00004-CR, 2017 WL 1957549, at *5 (Tex. App.—Eastland May 11, 2017, no pet.) (mem. op., not designated for publication); *Bara*, 500 S.W.3d at 586. Thus, the offenses are different under *Blockburger*'s cognate pleadings approach and such differences create a presumption that multiple punishments are permitted. *Benson*, 459 S.W.3d at 72; *Price*, 434 S.W.3d at 609-10; *Romero*, 943 S.W.2d at 80. *See also Lopez v. State*, 108 S.W.3d 293, 300 (Tex. Crim. App. 2003) (finding one offense when delivery of controlled substance completes an offer to sell the same substance and only one punishment can be imposed); *Weinn v. State*, 326 S.W.3d 189, 194 (Tex. Crim. App. 2010) (holding simultaneous manufacture and resulting possession with intent to deliver when involving a single quantity of controlled substance only constitutes one offense).

Necessarily, we next examine the *Ervin* factors to determine whether the presumption of allowing multiple punishments has otherwise been rebutted. *Benson*, 459 S.W.3d at 72; *Stanley v. State*, 470 S.W.3d 664, 668 (Tex. App.—Dallas 2015, no pet.).

## 2. Ervin factors

### a. Different statutory sections and chapters

As explained above, UCW and DWI are not found in the same section or chapter of the Texas Penal Code. The UCW offense is placed under the "Weapons" chapter while DWI may be found under the chapter titled, "Intoxication and Alcoholic Beverage Offenses." TEX. PENAL CODE ANN. § 46.02(a-1)(2)(A); TEX. PENAL CODE ANN. § 49.04(a). This factor weighs against treating the offenses the same for double jeopardy purposes. *Benson,* 459 S.W.3d at 78.

Of note, Chapter 49, "Intoxication and Alcoholic Beverage Offenses," was created to

8

consolidate intoxication related offenses together. *Ervin*, 991 S.W.2d at 816. This organizational structure adopted by the Legislature affected the determination of this factor in *Shelby,* 448 S.W.3d at 437-38, a case in which the Texas Court of Criminal Appeals compared the offenses of intoxication assault and aggravated assault. *Shelby*, 448 S.W.3d at 437-38; TEX. PENAL CODE ANN. §§ 22.02(a)(2), 49.07(a)(1). The Court noted the Legislature could have placed all intoxication related offenses in the same chapter as a form of housekeeping, therefore, the fact that the two offenses at issue were placed in different chapters was a minor detail. *Shelby*, 448 S.W.3d at 437-38; *Ervin*, 991 S.W.2d at 816. There is no similar detail here.

### b. Not phrased in the alternative

Furthermore, the factor of whether the offenses are phrased in the alternative can be seen as inapplicable if the offenses are in different statutory schemes. *Shelby,* 448 S.W.3d at 438. This factor does not apply when the offenses are in different sections of the penal code. *Stanley*, 470 S.W.3d at 669.

### c. Not named similarly

The offenses are also not named similarly as they share no common words in their respective names. *Shelby,* 448 S.W.3d at 438. This factor weighs in favor of an intent to allow multiple punishments. *Stanley*, 470 S.W.3d at 669.

### d. No common punishment ranges

Relevant here, the offenses do not have common punishment ranges. *See* TEX. PENAL CODE ANN. § 46.02(a-1)(2)(A) (describing UCW as it pertains to this case as a Class A misdemeanor); TEX. PENAL CODE ANN. § 49.04(a) (describing DWI as it pertains here as a Class B misdemeanor). The combination of these factors weighs against treating the offenses as the same for double

9

jeopardy purposes. *Garfias*, 424 S.W.3d at 61 (finding aggravated robbery by threat and aggravated assault causing bodily injury were not in same statutory scheme, not named similarly, and did not have identical punishment ranges all weigh against treating the offenses the same for double jeopardy purposes). These factors weigh against the offenses being the same.

### e. No similar focus or gravamen and instances of conduct

Typically, more weight is given to the common focus/gravamen factor and the single instance of conduct factor. *Benson,* 459 S.W.3d at 73; *Shelby,* 448 S.W.3d at 436*; Garfias*, 424 S.W.3d at 59. This turns into a determination of focus or gravamen and comparing the allowable units of prosecution. *Benson,* 459 S.W.3d at 73; *Shelby,* 448 S.W.3d at 436*; Garfias*, 424 S.W.3d at 59. Here, the gravamen of UCW is the "unlawful carrying of a weapon in our society." *See Gonzalez*, 147 S.W.3d at 479. Thus, the allowable unit of prosecution for UCW is the weapon in possession. *Id*. (finding an unlawful carrying of a knife and the unlawful carrying of a gun as two separate and distinct offenses for double jeopardy purposes). The gravamen of DWI is the operation of the vehicle while intoxicated thereby creating an obvious danger to the public. *Brister v. State*, 414 S.W.3d 336, 342 (Tex. App.—Beaumont 2013), *aff'd*, 449 S.W.3d 490 (Tex. Crim. App. 2014). The allowable unit of prosecution for DWI is each incident of driving while intoxicated. *See Hernandez*, 2017 WL 1957549, at *5 (stating DWI is a conduct-oriented offense with the unit of prosecution being each incident of driving). Licano argues that the unit of prosecution of DWI is "the entire period of driving." Whereas the unit of prosecution of UCW is "complete only once the other crime is introduced." He argues that his carrying of a weapon only became a crime when he operated a vehicle while intoxicated—that is, that only upon his driving of the vehicle did the crime of UCW become complete. However, these contentions contradict

10

previous findings and determinations of the gravamen and units of prosecution for DWI and UCW. *See Gonzalez*, 147 S.W.3d at 479; *Brister*, 414 S.W.3d at 342.

Other cases have found a similar gravamen which resulted in this factor weighing in favor of the offenses being the same. *See Shelby,* 448 S.W.3d at 439-40 (finding a similar gravamen between aggravated assault on public servant and intoxication assault when both were result oriented offenses and the similar focus was "causing bodily injury"). Alternatively, the UCW and DWI each have a different focus and the legislature saw them as having different societal dangers and harms. *See Benson,* 459 S.W.3d at 82. These two factors weigh heavily against treating UCW and DWI as the same for double jeopardy purposes.

**f.  Imputed theory of liability**

The two offenses also have an obvious difference in the culpable mental state required. The offense of UCW has a culpable mental state of intentionally, knowingly, or recklessly. TEX. PENAL CODE ANN. § 46.02(a-1)(2)(A). However, DWI lacks a required proof of a culpable mental state for prosecution. *Owen v. State*, 525 S.W.2d 164 (Tex. Crim. App. 1975) (holding prosecutions of driving while intoxicated do not require proof of a culpable mental state); *State v. Taylor*, 322 S.W.3d 722, 728 (Tex. App.—Texarkana 2010, pet. ref'd) (stating driving while intoxicated as an example of a strict liability offense).

The Court of Criminal Appeals has held that an intoxication offense can have an imputed form of recklessness. *Ervin*, 991 S.W.2d at 815. This could weigh in favor of the two offenses being seen more similar under a liberalized "imputation" version of the test. *Shelby,* 448 S.W.3d at 440; *Ervin*, 991 S.W.2d at 815. Nevertheless, this factor is not determinative on whether UCW and DWI should be treated as the same offense. *Llorens v. State*, 520 S.W.3d 129, 142 (Tex.

11

App.—Austin 2017, pet. ref'd).

### g. No clear legislative history

Lastly, there is no legislative history with respect to an intent to allow or prohibit multiple punishments for the two offenses at issue. Under the UCW offense, there is no showing of a legislative intent as to multiple punishments as charged under the provision Licano was charged. *See* TEX. PENAL CODE ANN. § 46.02(a-1)(2)(A); TEX. PENAL CODE ANN. § 46.15 (lacking, in the nonapplicability section of the weapons chapter, any reference to multiple punishments or convictions when convicted for unlawful carrying weapons). Licano concedes that there is no clear legislative intent on multiple punishments as pertaining to UCW and DWI.[1] This factor is inconsequential to the result of this case. *Shelby,* 448 S.W.3d at 440.

In sum, Licano failed to prove there was a legislative intent for only one punishment under the circumstances of this case. Because Licano failed to show legal sameness of the two offenses, we need not engage in the factual sameness analysis. *Castillo*, 469 S.W.3d at 169; *Brown*, 2019 WL 1075630, at *3. Because Licano has failed to show legal sameness and failed to show a clear legislative intent to allow only one punishment for the two offenses, we find no double jeopardy violation. *Benson,* 459 S.W.3d at 72.

Licano's sole issue is overruled.

---

[1] In briefing, Licano states "[t]he presumption that same offenses cannot be used twice to punish a defendant can be rebutted 'by a clearly expressed legislative intent to impose multiple punishments.'" Licano has not met his burden in proving the offenses are the same, making the presumption he attempts to rebut, the wrong presumption. *Benson*, 459 S.W.3d at 72; *Price*, 434 S.W.3d at 609-10. Furthermore, Licano has not shown a clear legislative intent as to punishments for the two offenses.

### III.    CONCLUSION

We affirm.

GINA M. PALAFOX, Justice

February 11, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)