

# NUMBERS 13-24-00191-CR, 13-24-00192-CR, 13-24-00193-CR, 13-24-00194-CR, 13-24-00195-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

JOHNATHON CHARLES BELL,                                **Appellant,**

**v.**

THE STATE OF TEXAS,                                      **Appellee.**

## ON APPEAL FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña**
**Memorandum Opinion by Justice Peña**

Appellant Johnathon Charles Bell appeals five judgments revoking his community supervision, adjudicating his guilt for separate counts of possession of child pornography, a third-degree felony, and sentencing him to consecutive ten-year prison terms. *See* TEX.

PENAL CODE ANN. § 43.26. In one issue, Bell argues that four of the five judgments are void because they were "violative of the prohibition against double jeopardy." We affirm.[1]

## I. BACKGROUND

A grand jury returned an indictment charging Bell with five counts of possessing child pornography. *See id.* The five counts each alleged that on or about the "21st day of April, 2017" Bell "then and there intentionally and knowingly possess[ed] visual material that visually depicted and which [Bell] knew visually depicted a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, to-wit: actual deviate sexual intercourse."[2] For each count, the indictment referenced distinct arrest warrants and supporting affidavits, each describing a separate video depicting child pornography.

Bell pleaded guilty to each count pursuant to a plea bargain agreement in which the State agreed to a recommendation of seven years deferred adjudication community supervision and a fine of $750.00. Bell signed a judicial confession and a waiver of his right to appeal in each cause. The trial court accepted Bell's guilty pleas, deferred adjudication of guilt, and placed him on community supervision for a period of seven years. The State later filed a motion to revoke community supervision and adjudicate guilt, alleging Bell violated the terms of his community supervision by: (1) establishing contact with a child under the age of eighteen without a probation officer's advance approval:

---

[1] This appeal was transferred to this Court from the Second Court of Appeals in Fort Worth by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

[2] One of the counts alleged that the visual material depicted "actual deviate sexual intercourse AND/OR lewd exhibition of the genitals."

2

(2) going within 1,000 feet of a premises where children commonly gather; and (3) possessing sexually stimulating or sexually oriented material.

At the adjudication hearing, Bell pleaded not true to each alleged violation. The State then produced evidence that Bell picked up a sixteen-year-old girl who was walking on the side of the road while Bell was driving home. Bell also admitted to his sex-offender treatment provider that he masturbated while viewing sexually explicit materials. Finally, Bell's probation officer stated that Bell admitted to going on two occasions to a movie theater which was considered a child safety zone. Bell testified that he had downloaded fifty-four videos of children having intercourse with adults.

In each cause, the trial court revoked Bell's community supervision, adjudicated his guilt, and sentenced him to consecutive terms of ten years' imprisonment. This appeal followed.

## II.    DOUBLE JEOPARDY

### A.    Standard of Review & Applicable Law

The Fifth Amendment's Double Jeopardy Clause provides that "[n]o person shall be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. "The Double Jeopardy Clause provides three types of protection: 1) protection against a second prosecution for the same offense following an acquittal; 2) protection against a second prosecution for the same offense following a conviction, and 3) protection against multiple punishments for the same offense." *Kuykendall v. State*, 611 S.W.3d 625, 627 (Tex. Crim. App. 2020) (citing *Speights v. State*, 464 S.W.3d 719, 722 (Tex. Crim. App. 2015)). The third category of protection is involved in this case.

3

A claim that a defendant was subjected to multiple punishments normally arises if a defendant "is punished for: (1) the same primary offense twice, 'once for the basic conduct, and a second time for that same conduct plus more,' or (2) the same criminal act twice under two distinct statutes 'when the legislature intended the conduct to be punished only once.'" *Price v. State*, 434 S.W.3d 601, 609 (Tex. Crim. App. 2014) (quoting *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006)). In this case, however, Bell was convicted of multiple violations of a single statutory provision. "When a defendant's conduct allegedly violates the same statute multiple times, we must determine whether the conduct constitutes more than one offense under the statute." *Ex parte Gonzalez*, 147 S.W.3d 474, 476 (Tex. App.—San Antonio 2004, pet. ref'd) (first citing *Haight v. State*, 103 S.W.3d 498, 503 (Tex. App.—San Antonio 2003, pet. ref'd); and then citing *Vineyard v. State*, 958 S.W.2d 834, 837 n. 6 (Tex. Crim. App. 1998)).

A multiple-punishment double-jeopardy claim may be forfeited if a defendant does not properly preserve it. *Langs*, 183 S.W.3d at 686. However, because of the "fundamental nature of double jeopardy protections," a double-jeopardy claim may be raised for the first time on appeal "when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests." *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000); *see Garfias v. State*, 424 S.W.3d 54, 57–58 (Tex. Crim. App. 2014).

"A double-jeopardy claim is apparent on the face of the trial record if resolution of the claim does not require further proceedings for the purpose of introducing additional

4

evidence to support the double-jeopardy claim." *Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013) (first citing *Ex parte Knipp*, 236 S.W.3d 214, 216, n.3 (Tex. Crim. App. 2007); and then citing *Gonzalez*, 8 S.W.3d at 643).

## B.    Analysis

Bell argues that the indictment alleges the same conduct for all five counts; therefore, a double jeopardy violation is apparent on the face of the record. The State responds that Bell was not subjected to multiple punishments for the same offense because "the record establishes that [Bell's] five convictions arose from his possession of five distinct videos." Assuming arguendo that Bell has not procedurally defaulted his double-jeopardy claim by pleading guilty to each count, we agree with the State that a double jeopardy violation is not apparent on the face of the record. *See Gonzalez*, 8 S.W.3d at 643; *see also Zeno v. State*, No. 12-22-00017-CR, 2022 WL 3452122, at *2 (Tex. App.—Tyler Aug. 17, 2022, no pet.) (mem. op., not designated for publication) ("When a defendant does not challenge the indictment(s) pre-trial and elects to waive a jury and enter a plea of 'guilty' to multiple counts . . . , he concedes that he has committed separate crimes.").

A person commits the offense of possession of child pornography if he "knowingly or intentionally possesses, or knowingly or intentionally accesses with intent to view, visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct." TEX. PENAL CODE ANN. § 43.26(a)(1). Each item of child pornography found in a person's possession constitutes a separate offense for which he may be prosecuted. *Witt v. State*, 237 S.W.3d 394, 397

5

(Tex. App.—Waco 2007, pet. ref'd) (citing *Vineyard*, 958 S.W.2d at 838); *see also Chairez v. State*, No. 05-22-00967-CR, 2023 WL 9693573, at *10 (Tex. App.—Dallas Dec. 6, 2023, pet. ref'd) (mem. op., not designated for publication).

Here, the record shows that each count alleged in the indictment was based on Bell's possession of separate items of child pornography. The indictment referenced distinct arrest warrants and supporting affidavits, each describing a separate item of child pornography. In particular, the affidavits describe separate video files each depicting different sex acts involving a minor. On this record there is no apparent double jeopardy violation. *See Vineyard*, 958 S.W.2d at 838; *see also Graf v. State*, No. 02-23-00130-CR, 2024 WL 3059556, at *7 (Tex. App.—Fort Worth June 20, 2024, no pet. h.) (mem. op., not designated for publication) (concluding that no double jeopardy violation was apparent from the face of the record for multiple possession of child pornography possession offenses because "[a]ltough the State had to prove the same elements for each offense, it relied on different photographs"); *Leita v. State*, No. 13-14-00567-CR, 2016 WL 6541843, at *6 (Tex. App.—Corpus Christi–Edinburg Aug. 25, 2016, pet. ref'd) (mem. op., not designated for publication) ("Leita was convicted on fourteen counts of possession or promotion of child pornography. Each conviction was based on a separate and different image of child pornography. . . . Therefore, no double jeopardy violation is clearly apparent on the face of this record."). Accordingly, because Bell did not raise any double jeopardy complaint at trial, his issue on appeal is waived. *See Langs*, 183 S.W.3d at 686; *Gonzalez*, 8 S.W.3d at 643. We overrule Bell's sole issue.

6

### III. Conclusion

We affirm the trial court's judgments.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
26th day of August, 2024.

7